**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE**

**CIVIL ACTION NO. 05-224-DLB**

**BETTY S. GOBLE**                                                                             **PLAINTIFF**

vs.                          **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                            **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Betty Goble filed an application for disability insurance benefits (DIB) payments on April 27, 1999.[1] (Tr. 108). Plaintiff alleges a disability onset date of March 5, 1995 due to pain in her lower back and shoulders, a lack of grip strength in her hands, muscle spasms, previous surgery on her neck, chronic headaches and problems with her nerves. (Tr. 108). Plaintiff's application was denied initially (tr. 84-87) and upon reconsideration (tr. 90-92), and a request for a hearing before an ALJ was timely filed (tr. 93). The hearing took place on February 10, 2000, in Prestonsburg, Kentucky. On May

---

[1] Plaintiff filed prior applications for DIB and Supplemental Security Income (SSI) on July 17, 1995. (Tr. 55-56). Those applications were denied initially and on reconsideration. (*Id.*) Following an administrative hearing, an administrative law judge (ALJ) on March 10, 1997, found Plaintiff not to be disabled. (Tr. 47-54).

24, 2000, ALJ Andrus issued an unfavorable decision, denying Plaintiff's DIB claim. (Tr. 61-68). However, the Appeals Council remanded the case to the ALJ for further proceedings due to an incomplete record, namely, the hearing tape could not be located. (Tr. 80-83).[2]

In accordance with the Remand Order from the Appeals Council, the ALJ conducted a supplemental hearing on September, 2, 2003, in Prestonsburg, Kentucky. (Tr. 456-76). Plaintiff was 51 years old at the time of the hearing, and age 48 as of her last date insured. She has a high school education. On March 15, 2004, the ALJ again issued a written decision denying Plaintiff's claim for disability benefits. (Tr. 15-27). The decision became the final decision of the Commissioner when the Appeals Council denied review on May 13, 2005. (Tr. 8-10).

On October 18, 2005, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Secretary of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve

---

[2] In addition, Plaintiff filed a subsequent application for DIB on May 31, 2000. After this claim was denied at the initial level and upon reconsideration, it was transferred to the Appeals Council. The Appeals Council determined this subsequent claim to be a duplicate claim. (Tr. 18).

conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability of March 5, 1995. (Tr. 25).[3] At Steps 2 and 3, the ALJ found that Plaintiff has severe impairments of musculoskeletal (vertebrogenic) and psychiatric (depression and anxiety) disorders. (*Id.*; Tr. 19). However, the ALJ concluded that the Plaintiff did not have an impairment or combination of impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19, 21, 25).

---

[3] Plaintiff showed earnings of $1,117.00 in 2000 but the ALJ determined this was not substantial gainful activity. (Tr. 19).

3

At Step 4, the ALJ found that Plaintiff had the residual functioning capacity (RFC) to perform work at a light exertional level. (Tr. 23-24). The ALJ found that Plaintiff's condition did not preclude her from lifting and carrying 20 pounds occasionally and 10 pounds frequently. (Tr. 26). Plaintiff could stand and walk for at least two hours in an eight-hour day and could sustain a full eight-hour day with alternating between sitting and standing. (*Id.*) Plaintiff was limited in using her upper and lower extremities for pushing and pulling as in operating hand and foot controls. (*Id.*) Plaintiff could never climb or crawl; but she could occasionally balance, kneel crouch or stoop. (*Id.*) In terms of Plaintiff's psychiatric limitations, the ALJ found that Plaintiff's depression and anxiety did not seriously interfere with her ability to function, as she had a fair ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention/concentration, understand, remember and carry out detailed but not complex job instructions, behave in an emotionally stable manner, relate predictability in social situations, and demonstrate reliability. (*Id.*) Plaintiff had a good ability to understand, remember, and carry out simple job instructions and maintain personal appearance. (*Id.*) Despite her RFC, the ALJ concluded that Plaintiff could not return to her past relevant work as a fast food worker. (Tr. 26). Although that work is light in exertion and unskilled in nature, the ALJ noted that the restrictions upon Plaintiff's ability to walk would prevent her return to this type of work. (Tr. 24).

At Step 5, the ALJ found there were a significant number of jobs Plaintiff could obtain in both the national and regional economies despite her limitations. (Tr. 25). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant

work experience, and RFC. (Tr. 470-74). The VE testified that the Plaintiff could obtain employment at the light exertional level as an office clerk, counter clerk, and grader/sorter. (Tr. 472). The VE also testified that Plaintiff could perform work at the sedentary exertional level as an assembler, cashier, and addresser. (*Id.*) Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 26).

**C.     Analysis**

Plaintiff raises one challenge in her appeal. She maintains that the ALJ erred in that his decision does not comply with *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997). *Drummond* states, "Absent evidence of improvement in claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond*, 126 F.3d at 842. Specifically, Plaintiff alleges that ALJ Andrus failed to adopt ALJ Chwalibog's prior 1997 finding that Plaintiff was limited to "no frequent overhead reaching..." (Tr. 52). Plaintiff argues that, absent improvement in her condition, ALJ Andrus was bound by this finding. Plaintiff also argues that this limitation should have been given to the VE along with the additional physical and mental limitations to determine the available job positions.

In response, the Commissioner argues that the ALJ's decision does not require remand because the record reflects both new and additional evidence of Plaintiff's changed conditions and medical improvement in her ability to reach overhead. In addition, the Commissioner argues that *Drummond* does not apply because Plaintiff has failed to show that a limitation on her ability to reach overhead would preclude any of the jobs identified by the vocational expert. The Court agrees with the Commissioner and concludes that the ALJ's decision does not run afoul of *Drummond*.

In *Drummond*, the claimant filed an initial application for benefits covering the period from July 6, 1987 to July 28, 1988. The application was denied because the claimant possessed the RFC to perform sedentary work. At the time, claimant was 49 years old and was classified under Social Security regulations as a "younger" worker. The claimant filed a subsequent application, covering the period from July 28, 1988, to August 2, 1990, which was denied on the grounds that claimant had the RFC to perform medium level work. During the period covered by the latter application, claimant was between 50 and 54 years old, making her a "person approaching advanced age" under Social Security regulations. If the ALJ had decided in the subsequent decision that claimant was capable of performing only sedentary work, as was decided in the first proceeding, claimant would have been entitled to DIB payments because of the combination of her age classification and RFC. Upon review, the Sixth Circuit Court of Appeals held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond*, 126 F.3d at 842. Accordingly, the Court concluded that the second ALJ should have found that the claimant retained the RFC for sedentary work only. *Id.* at 843.

In this case, Plaintiff filed an application for DIB payments on July 17, 1995. On March 10, 1997, ALJ Chwalibog issued an unfavorable written decision that included the following findings which are pertinent to this appeal:

> The claimant has the residual functional capacity to perform light work with a need to push/pull only to those weight limits. Nonexertionally the claimant is limited to: only occasionally climb, balance or stoop; **no frequent overhead reaching**; only occasionally crawl; never climb ladders, ropes or scaffolds.

6

> The claimant's residual functional capacity for the full range of light work is reduced by the nonexertional limitations set forth in finding number five.[4]

(Tr. 52)(emphasis added). ALJ Andrus in his subsequent decision on March 15, 2004 adopted the following limitations:

> On and before her last insured date of September 30, 2000, the claimant's physical condition did not preclude her from lifting and carrying 20 pounds occasionally and 10 pounds frequently. She was able to stand and walk for at least 2 hours in an 8-hour day. She was also able to sustain a full 8-hour day with alternating between sitting and standing. She was limited in using her upper and lower extremities for pushing and pulling as in operating hand and foot controls. She could never climb or crawl; but she could occasionally balance, kneel[,] crouch and stoop. Her depression and anxiety[...]

(Tr. 26).

Plaintiff argues that ALJ Andrus's failure to include the overhead reaching restriction in the hypothetical posed to the VE constitutes a reversible error under *Drummond*. The Court does not read *Drummond* so narrowly. *Drummond* calls for reversal of an ALJ's decision if the ALJ has ignored or changed the findings of a previous ALJ. However, *Drummond* also allows for an ALJ to modify these findings if future, independent evidence is presented to show an improvement in Plaintiff's condition. *Drummond*, 126 F.3d at 842.

In this case, the subsequent ALJ adopted nearly all the same limitations as the previous ALJ and even made some limitations more severe, such as climbing or crawling. Despite the modification on the limitations pertaining to Plaintiff, the subsequent ALJ concluded that Plaintiff retained the same RFC (for light work) as the prior ALJ. That is, unlike in *Drummond*, the Plaintiff's exertional level remained light according to both ALJ decisions. (Tr. 25; Tr. 52). In *Drummond*, the decision of the subsequent ALJ to elevate

---

[4]The above cited paragraph was listed as finding number five in the ALJ's written decision.

claimant's exertional capacity from sedentary to medium capacity prevented the claimant from receiving benefits to which she would have otherwise been entitled had her status remained as sedentary. In the present case, the decision of the ALJ was that Plaintiff could perform at a light exertional level, the same exertion level as the prior ALJ. In fact, the VE at both hearings identified clerical jobs as a job category that could be performed by someone with Plaintiff's characteristics. (Tr. 51; Tr. 472). This means that even with the limitation on overhead reaching, Plaintiff would be able to perform unskilled, office clerk jobs. Further, the VE at the subsequent hearing testified that Plaintiff could still perform 25% of light, unskilled labor and 30% of sedentary, unskilled labor. (Tr. 25). This is in comparison to the testimony of the VE at the first hearing which was that Plaintiff could perform 30% of light, unskilled labor and 40-45% of sedentary, unskilled labor. (Tr. 51).

In addition, as there was evidence available to show that the limitation against overhead reaching was no longer warranted, *Drummond* allows the ALJ to modify the findings of the previous ALJ. *Drummond* states that absent evidence of improvement in the claimant's condition, the subsequent ALJ is bound by the findings of a previous ALJ. *Drummond*, 126 F.3d at 842. The Commissioner must also shoulder the burden of demonstrating that the claimant's condition has improved sufficiently. *Id.* (citing *Lively v. Secretary of Health and Human Servs.*, 820 F.2d 1391 (4th Cir. 1987)). The evidence of improvement must not have been considered in the earlier proceeding as it must be an independent basis to sustain a finding contrary to the final earlier finding. *Id.*

In the present case, the subsequent ALJ based the determination of Plaintiff's limitations on medical examinations conducted after the original written ALJ decision handed down in 1997. These more recent medical examinations indicated that Plaintiff did

8

not have a limitation on her ability to reach overhead, which would indicate an improvement from the findings by the previous ALJ. On June 30, 1999, Dr. Ismo performed a consultative examination on Plaintiff. During this examination, Dr. Ismo noted that Plaintiff had upper extremities (shoulder) forward flexion bilaterally of 130 degrees, extension of 30 degrees, abduction bilaterally of 130 degrees, external rotation bilaterally of 70 degrees, and internal rotation bilaterally of 30 degrees. (Tr. 239). Lynell Carter Dupont, M.D., issued a Physical Residual Functional Capacity Assessment on August 20, 2000. Dr. Dupont was a non-examining physician who determined based on Plaintiff's medical records that no limitation on her ability to reach overhead had been established. (Tr. 345). Another non-examining physician, Dr. John Rawling, noted that Plaintiff had a "[g]ood range of motion of the upper extremities" (Tr. 370). Lastly, on April 21, 2003, Dr. Smolyer, an examining doctor, noted that Plaintiff had shoulder flexion and abduction of 170 degrees, which appears to be normal range of motion in the shoulders. (Tr. 388-89). This information is significant evidence to find that Plaintiff's condition of limited overhead reaching had improved.

As there is substantial evidence to support the ALJ's finding that Plaintiff's musculoskeletal and psychiatric disorders do not meet the requirements for disabled status under the Social Security Act, his decision should be affirmed.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 20th day of June, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-224-Goble.MOO.wpd